<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS LOCAL 45 AFL-CIO | : : Civil Case No. 11-1377 (FSH) (PS) : : **OPINION & ORDER** : |
| Plaintiff, | : August 2, 2011 : |
| v. | : : |
| JAMES KEARNEY, JR. *et al.,* | : : |
| Defendants. | : : |

<u>**HOCHBERG, District Judge:**</u>

**I.     INTRODUCTION**

Plaintiff, International Association of Bridge, Structural, Ornamental and Reinforcing

Iron Workers, Local 45, AFL-CIO, alleges that its finances and operations have been damaged by

a series of fraudulent withdrawals from its operating bank account.  The withdrawals were

allegedly made by plaintiff's former treasurer, James Kearney, Jr, from a Bank of America

account maintained by plaintiff.  Plaintiff alleges that the withdrawals were made in violation of

a deposit agreement between plaintiff and Bank of America, which plaintiff contends required

two authorized officers of plaintiff to sign all withdrawal requests. Plaintiff's complaint contains

eight counts and names four defendants.  However, Bank of America is named as a defendant in

only two counts of the complaint, count seven (negligence) and count eight (breach of contract).

Bank of America seeks the dismissal of plaintiff's negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

## III.    DISCUSSION

In order to maintain a claim for common law negligence, a plaintiff must allege the

following elements: "(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and

(4) actual damages[.]  *Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 400 (N.J. 2009)

(quotations omitted) (alterations in original).  Plaintiff alleges that it entered into a deposit

agreement with Bank of America, which required that withdrawals be authorized by two

signatures from officers of plaintiff.  Plaintiff alleges that the dual-signature requirement, along

with the other terms of its relationship with Bank of America, created a special relationship of

trust between plaintiff and Bank of America.  Plaintiff contends that as a result of this

relationship, Bank of America had a duty to plaintiff to exercise ordinary care with respect to its

oversight of plaintiff's accounts.  Plaintiff alleges that Bank of America breached this duty of

care by failing to enforce the dual signature requirement in connection with a series of fraudulent

withdrawals made by plaintiff's former treasurer.[1]

Bank of America contends that no common law duty of care exists in this case.  In

support of this contention Bank of America advances three arguments: (1) that its only duties to

plaintiff were contractual, (2) that New Jersey's economic loss rule prohibits recovery under a

negligence theory for plaintiff's damages, and (3) that the Uniform Commercial Code, as enacted

by New Jersey, displaces the common law duty of care alleged by plaintiff.  Plaintiff responds

that it has adequately alleged the existence of a duty of care arising outside of the contractual

relationship between plaintiff and Bank of America.  Plaintiff argues that the Court should

consider the relationship of the parties, the nature of the risk attendant to the parties' relationship,

---

[1] Plaintiff indicates in its opposition brief that "research for discovery purposes indicates that Plaintiff's deposit agreement may have required only an authorized signature."  Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss at 4, n. 1.  However, plaintiff indicates that even if this is the case, and plaintiff is required to amend its complaint, "the thrust of Plaintiff's allegations against Bank of America will remain the same: that the withdrawals were accomplished without requisite authority."  *Id*.

and Bank of America's ability to exercise care.  *See Brunson,* 199 N.J. at 403 (listing factors used

to determine whether a duty of care is owed and declining to recognize a cause of action against a

bank for negligent investigation of an identity theft case where the investigation resulted in the

arrest of the identity theft victim).

Plaintiff's complaint fails to allege the existence of a non-contractual relationship

between plaintiff and Bank of America.  The complaint itself defines both the relationship

between plaintiff and Bank of America, and Bank of America's purported duty to plaintiff, solely

by reference to Bank of America's alleged contractual obligations to plaintiff.  *See* Complaint ¶¶

76-81 (alleging that a "special relationship of trust" was formed when plaintiff became a

customer of Bank of America by entering into a deposit agreement, the terms and conditions of

which governed the relationship between plaintiff and Bank of America); *Id*. ¶¶ 82-90

(contending that the duty allegedly breached by Bank of America was a duty to comply with a

contractual dual-signature requirement contained in the deposit agreement).

Accordingly, notwithstanding the language of the complaint "sounding in tort, the

complaint essentially arises in contract rather than tort and is governed by the contract" between

plaintiff and Bank of America.  *See Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286 (N.J. 1993)

(concluding that a dispute including a purported tort claim clearly arose out of an underlying

contract and its breach and was therefore subject to arbitration); *New Mea Constr. Corp. v.

Harper*, 203 N.J. Super. 486, 494-497 (N.J. Super. Ct. App. Div. 1985) (concluding that a claim

for negligent supervision of a construction project sounded in contract because the duties

allegedly violated were specifically defined by contract).

Even if plaintiff had adequately alleged the existence of a common law duty owed by

4

Bank of America, New Jersey's economic loss rule precludes the recovery of purely economic losses by plaintiff under its negligence theory. "The economic loss rule defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 307-8 (D.N.J. 2009) (quotations omitted). Under the economic loss rule, a plaintiff generally cannot recover in tort economic losses to which he is entitled only by contract. *Id.*; *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 310 (N.J. 2002).

In *Saltiel*, the New Jersey Supreme Court listed seven guidelines for "distinguishing between tort and contract claims." The guidelines include: (1) obligations imposed by law are tort obligations, (2) tort obligations may not be disclaimable, (3) misfeasance or affirmative misconduct during performance of a promise generally lead to tort liability for physical harm to persons and tangible things, (4) recovery of intangible economic loss is generally determined by contract, (5) there is no tort liability for nonfeasance in the absence of a non-contractual duty, (6) duties of affirmative action are often imposed by law, and (7) damages caused by reliance on a promise the promisor fails to carry out may be recoverable on a negligence theory. *Id.* (citing W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS § 92, at 655 (5th ed. 1984)).

The only damages sought by plaintiff as a result of Bank of America's alleged negligence are economic damages. Plaintiff specifically seeks in damages the exact amount of the allegedly improper withdrawals, $466,400, plus interest. Notably, plaintiff's claimed damages stem directly from Bank of America's alleged breach of the deposit agreement, not from conduct extrinsic to the contract between the parties. *Arcand*, 673 F. Supp. 2d at 308. Plaintiff bases its claim upon Bank of America's alleged failure to enforce the contractual dual-signature

requirement, as opposed to affirmative misconduct by Bank of America in performing its

contractual obligations.  Further, plaintiff seeks damages for intangible economic harm, rather

than for physical harm to persons or tangible things.  Because plaintiff bases its claim upon

nonfeasance in connection with a solely contractual duty, and seeks damages for intangible

economic harm, the economic loss doctrine applies.  *See Saltiel*, 170 N.J. at 310; *Arcand*, 673 F.

Supp. 2d at 308-311.

Accordingly, plaintiff has failed to allege facts sufficient to support a plausible claim that

Bank of America owed plaintiff a non-contractual duty of care or to demonstrate that plaintiff has

suffered damages that it can recover under its negligence theory.[2]

## IV.   ORDER

For the foregoing reasons, it is **ORDERED** that the motion to dismiss filed by Bank of

America is granted.

**IT IS FURTHER ORDERED** that Count VII of the complaint is dismissed.


/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[2]  Because plaintiff has failed to allege facts sufficient to support a plausible negligence
claim, the Court need not consider the final issue debated by the parties: whether and to what
extent New Jersey's enactment of the Uniform Commercial Code preempts claims for common
law negligence.